IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                CRIMINAL 07-0491 (ADC)

GERÓNIMO ROSARIO MAYSONET,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

I.     Personal Background

On November 14, 2007, Gerónimo Rosario Maysonet, the defendant herein, was charged in a two-count indictment and forfeiture allegation.

Count one charges defendant of knowingly and willfully infringed the copyright of copyrighted works, to wit, motions pictures, for the purposes of commercial advantage or private financial gain, by distributing during a 180 day period 10 or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, that is, the defendant herein infringed the copyright of numerous motion pictures, by distributing at the Tortuguero Flea Market in Vega Baja numerous copies of such motion pictures for a total retail value of more than $30,000, a violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1).

Count two charges defendant of knowingly did traffic in counterfeit labels affixed or designed to be affixed to copies of copyrighted works, to wit, motion pictures and music compact disks.  All in violation of 18 U.S.C. § 2318(a) and (c)(1).

CRIMINAL 07-0491 (ADC)                    2

II.     Consent to Proceed Before a Magistrate Judge

        Today, while assisted by Assistant Federal Public Defender Max Pérez-Bouret,

the defendant, by consent, appeared before me in order to change his previous not

guilty plea to a plea of guilty as to the indictment.

        In open court the defendant was questioned as to the purpose of the hearing

being held.  The defendant responded that the purpose of the hearing was to plead

guilty. The defendant was advised of his right to have all proceedings, including the

change of plea hearing, before a United States district judge.  Defendant was given

notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries

were to be conducted under oath and that it was expected that his answers would

be truthful (he was also explained that the consequences of lying under oath could

lead to a perjury charge); and (c) his right to have the change of plea proceedings

presided over by a district judge instead of a magistrate judge.  The defendant was

also explained the differences between the appointment and functions of the two.

The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

        A.  Compliance With Requirements Rule 11(c)(1)

                Rule 11 of the Federal Rules of Criminal Procedure
        governs the acceptance of guilty pleas to federal criminal
        violations.  Pursuant to Rule 11, in order for a plea of
        guilty to constitute a valid waiver of the defendant's right
        to trial, guilty pleas must be knowing and voluntary: "Rule
        11 was intended to ensure that a defendant who pleads
        guilty does so with an 'understanding of the nature of the
        charge and consequences of his plea.'"  United States v.
        Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting
        McCarthy v. United States, 394 U.S. 459, 467 (1969)).
        [There are three core concerns in these proceedings]:  1)
        absence of coercion; 2) understanding of the charges; and
        3) knowledge of the consequences of the guilty plea.
        United States v. Cotal-Crespo, 47 F.3d at 4 (citing United
        States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

CRIMINAL 07-0491 (ADC)                    3

In response to further questioning, the defendant noted that he understood that if convicted in count one of the indictment, he was exposed to a maximum term of imprisonment of five years, and a maximum fine of $250,000.  He also acknowledged that a maximum three-year supervised release term could be imposed and that he was to pay a monetary assessment fee in the amount of $100.  See 18 U.S.C. § 3013.

Also as to count two, the defendant noted that he understood that if convicted he was exposed to a maximum term of imprisonment of five years, and a maximum fine of $250,000.  He also acknowledged that a  maximum three-year supervised release term could be imposed and that he was to pay a monetary assessment fee in the amount of $100.  See 18 U.S.C. § 3013.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, or any number of years up to the maximum, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court.  The defendant understood this.

Defendant was explained what the supervised release term means.  It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats or predictions as to what sentence will be imposed have been made to him.

CRIMINAL 07-0491 (ADC)                    4

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.   To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.   To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3.   To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, it is determined that defendant is aware of his constitutional rights.

C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might

CRIMINAL 07-0491 (ADC)                    5

disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.

　　　　D.  Plea Agreement

　　　　The parties have not entered into any written or oral plea agreement.  This is a straight plea.

　　　　E.  Government's Evidence (Basis in Fact)

　　　　The government presented a proffer of its evidence with which the defendant concurred.  The government's proffer complied with and tracked the statutory language as to the indictment.

　　　　Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

　　　　F.  Voluntariness

　　　　The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

　IV.   Conclusion

　　　　The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty to the indictment.

　　　　After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Gerónimo Rosario Maysonet is competent to enter this guilty plea, is aware of the nature of the offenses charged

CRIMINAL 07-0491 (ADC)                    6

and the maximum statutory penalties that the same carries, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 504.3 of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 8th day of May, 2008.


                                   S/ JUSTO ARENAS
                              United States Magistrate Judge